UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Christopher Booth et al.[1]

    v.                                        Civil No. 17-cv-170-LM

State of New Hampshire, Colin Van Ostern,
City of Concord, and Mayor Jim Bouley

## REPORT AND RECOMMENDATION

Plaintiff Christopher Booth, proceeding pro se and in forma pauperis, has filed a complaint (Doc. No. 1), accompanied by a motion for a preliminary injunction (Doc. No. 2), seeking to stop the construction of a roundabout in Concord, New Hampshire. The complaint is before the court for preliminary review pursuant to LR 4.3(d)(2) and 28 U.S.C. § 1915(e)(2). The motion for a preliminary injunction has been referred to the undersigned magistrate judge for a report and recommendation. See Doc. No. 4.

## Background

Liberally construed, the complaint asserts that the City of Concord and the State of New Hampshire are building a roundabout

---

[1] Booth has filed this action without a lawyer on behalf of "We the People." Pro se parties cannot litigate the claims of other parties in federal court. See O'Diah v. Volkswagen of Am., Inc., 91 F. App'x 159, 160 (1st Cir. 2004); see also 28 U.S.C. § 1654. Accordingly, the court construes Booth's claims as asserted by him in his individual capacity.

near Exit 16 off Interstate 93 in Concord, New Hampshire. The complaint suggests that Booth lives in the area affected by the project. Booth opposes the project because he asserts that people approaching the area at high speed will be killed or injured in traffic accidents if a roundabout is constructed. Construed liberally, the complaint asserts a substantive due process claim, arising under 42 U.S.C. § 1983.

## Discussion

I. **Preliminary Review**

   A. Standard

The magistrate judge in this court conducts a preliminary review of complaints filed in forma pauperis. See LR 4.3(d)(2). The magistrate judge may recommend to the district judge that claims be dismissed if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2). In conducting its preliminary review, the court construes pro se complaints liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'" See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

2

B.  <u>Claims against City and Mayor Jim Bouley</u>

Plaintiff is challenging local government executive action on the basis that it violates substantive due process. In determining whether plaintiff has stated a claim upon which relief can be granted, "'the threshold question is whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'" <u>Ramos-Piñero v. Puerto Rico</u>, 453 F.3d 48, 53 (1st Cir. 2006). "[N]egligently inflicted harm is 'categorically beneath the threshold' of a constitutional violation," while "behavior 'at the other end of the culpability spectrum'—that is, behavior 'intended to injure in some way unjustifiable by any government interest'—is the sort of official action most likely to 'shock the conscience.'" <u>Id.</u> (citations omitted).

In considering whether the roundabout project "shocks the conscience" and may be deemed to violate plaintiff's right of substantive due process, the court looks at analogous cases. In <u>Collins v. City of Harker Heights</u>, 503 U.S. 115 (1992), the Supreme Court considered whether a city could be held liable for violating the substantive due process rights of a sanitation worker, who died from exposure to sewer gas because of the city's failure to train, warn, or issue proper equipment to its workers. The Court determined that although the allegations may

3

have given rise to a tort claim, the allegations failed to shock the conscience in the manner needed to state a substantive due process claim.  Id. at 128.  Similarly, in Ramos-Piñero, the court affirmed the dismissal of substantive due process claims of a plaintiff alleging that municipal officials were deliberately indifferent, in failing to address a safety risk presented by an open manhole in the area of a school, which resulted in the death of a boy who fell into the uncovered manhole, when it was obscured by flood waters.  See Ramos-Piñero, 453 F.3d at 54.

> Creating and maintaining public works such as sewers, roads, and sidewalks "involve a host of policy choices." Local governments must decide the appropriate level of resources, which are necessarily limited, to devote to those works. . . . Government actors must also determine, as a policy matter, how to make these decisions and what resources to devote to assessing the various competing needs.  Such questions are best answered by locally elected representatives and their appointees "rather than by federal judges interpreting the basic charter of Government for the entire country."

Id. (footnote omitted) (quoting Collins, 503 U.S. at 128-29). "Moreover, each policy option will inevitably carry its own risks—risks that will, in many cases, be well-known to the policy-makers.  Yet a 'substantive due process violation does not arise whenever the government's choice prompts a known risk to come to pass.'"  Ramos-Piñero, 453 F.3d at 54 n.8 (citation omitted).

4

The reasoning employed in Ramos-Piñero and Collins applies here. Booth's complaint similarly fails to assert facts which "shock the conscience," or otherwise state a claim of a violation of a federal right. As no viable federal claim against the City and Mayor Jim Bouley is stated in the complaint, the complaint should be dismissed as to those defendants under 28 U.S.C. § 1915(e)(2).

    C.    Claims against State and Van Ostern

Booth has named the State of New Hampshire as a defendant to his claims for injunctive relief. "A state's immunity under the Eleventh Amendment applies whether a private plaintiff's suit is for monetary damages or some other type of relief." New Hampshire v. Ramsey, 366 F.3d 1, 14 (1st Cir. 2004); see also Ramos-Piñero, 453 F.3d at 55 (Eleventh Amendment barred claims against Puerto Rico). Booth's claims against the State are barred by the Eleventh Amendment.

Booth also names Colin Van Ostern as a defendant. Van Ostern was an Executive Counselor who no longer holds a state office. Booth includes no allegations regarding Van Ostern's actions or involvement in the project at issue, which could give rise to any claim upon which relief can be granted by this court. Accordingly, the complaint should be dismissed to the extent it names Van Ostern as a defendant.

## II. Motion for a Preliminary Injunction (Doc. No. 2)

Booth has moved for a preliminary injunction to stop the construction of the roundabout.  "'A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'"  Glossip v. Gross, 135 S. Ct. 2726, 2736 (2015) (citation omitted).  "'[T]he sine qua non of [the] four-part inquiry is likelihood of success on the merits: if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity.'"  Sindicato Puertorriqueño de Trabajadores, SEIU Local 1996 v. Fortuño, 699 F.3d 1, 10 (1st Cir. 2012) (per curiam) (citation omitted).

For reasons stated above, Booth has failed to state a viable claim upon which relief can be granted, and has therefore failed to demonstrate a likelihood of success on the merits on the claims asserted in this matter.  Accordingly, Booth's motion for a preliminary injunction (Doc. No. 2) should be denied.

## Conclusion

For the foregoing reasons, the district judge should

6

dismiss this action in its entirety, pursuant to 28 U.S.C. § 1915(e)(2), and should deny the motion for a preliminary injunction (Doc. No. 2). Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. <u>See</u> Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. <u>See</u> <u>Garayalde-Rijos v. Mun. of Carolina</u>, 747 F.3d 15, 21-22 (1st Cir. 2014).

*Andrea K. Johnstone* (signature)
Andrea K. Johnstone
United States Magistrate Judge

May 16, 2017

cc: Christopher Booth, pro se